IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Weston M. Sigsby,                    )
     Petitioner,                   )
                            )
v.                                   )          1:10cv1256 (GBL/IDD)
                            )
George Hinkle,                       )
     Respondent.                   )

MEMORANDUM OPINION

     This Matter is before the Court on respondent's Motion to Dismiss this petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Weston M. Sigsby, an inmate

confined in Virginia.  Petitioner challenges the constitutionality of his conviction of carnal

knowledge entered following a jury trial in the Circuit Court of the City of Fredericksburg,

Virginia. After respondent moved to dismiss the petition, Sigsby responded with a Motion for

Summary Judgment.  For the reasons that follow, respondent's Motion to Dismiss will be

granted, petitioner's Motion for Summary Judgment will be denied, and the petition will be

dismissed with prejudice.

I. Background

     In August, 2006, a jury convicted petitioner of two counts of carnal knowledge of a

thirteen-year-old girl who, along with her mother and brother, was living with petitioner at the

time.  The victim testified at trial that she complied because Sigsby threatened to "put [them] on

the street" if she refused.  By judgment entered January 11, 2007, Sigsby received a sentence of

twenty (20) years incarceration.  Case Nos. 05000886, 05000886.

     Sigsby appealed his convictions, raising the sole claim that his right to speedy trial had

been violated because the trial was allowed to go forward outside the five-month period prescribed by Va. Code § 19.2-243. On March 18, 2008, the Court of Appeals of Virginia rejected Sigsby's argument and affirmed his convictions. Sigsby v. Commonwealth, R. 3039-06-2 (Va. Ct. App. Mar. 18, 2008). Sigsby sought further review by the Supreme Court of Virginia, but his petition was refused on September 18, 2008. Sigsby v. Commonwealth, R. 080749 (Va. Sept. 18, 2008).

On September 15, 2009, Sigsby filed a petition for a writ of habeas corpus sin the Supreme Court of Virginia, raising the following claims:

1.      He received ineffective assistance of trial counsel where:

        a.      counsel asked the jury to be instructed on carnal knowledge as a lesser included offense of rape; and

        b.      counsel failed to move for mistrial when the judge failed to rule on a defense objection to the prosecutor's questioning of defendant.

2.      He received ineffective assistance of appellate counsel where:

        a.      counsel did not consult with him before waiving oral argument;

        b.      counsel refused to argue the use of carnal knowledge as a lesser included offense of rape;

        c.      counsel failed to move for reconsideration after the Court of Appeals misinterpreted the trial transcript; and

        d.      counsel failed to present the speedy trial issue correctly.

3.      The trial court erred in allowing an unlawful jury instruction of carnal knowledge as a lesser included offense of rape.

4.      The Court of Appeals erred in holding that his speedy trial rights were

2

not violated.

The petition was dismissed on August 17, 2010. <u>Sigsby v. Warden, Greensville Corr.</u> <u>Ctr.</u>, R. 091887 (Aug. 17, 2010).

On or about October 20, 2011, Sigsby filed this federal petition pursuant to § 2254,[1] raising the following claims:

1.   The trial court violated the Fifth, Sixth and Fourteenth Amendments when it allowed a jury instruction on carnal knowledge as a lesser included offense of rape.

2.   Trial counsel was ineffective for requesting a jury instruction on carnal knowledge as a lesser included offense of rape.

3.   Appellate counsel was ineffective for failing to challenge the jury instruction that carnal knowledge is a lesser included offense of rape.

4.   Appellate counsel was ineffective for failing properly to argue that his right to speedy trial was violated.

5.   His right to a speedy trial was violated.

On June 13, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Local Rule 7(K) and <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and he has filed a response in the form of a Brief in Support of Rule 5 Reply and a Motion for Summary Judgment. Based on the pleadings and record before this Court, it is uncontested that petitioner

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials for mailing. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); <u>see</u> <u>also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988). Here, petitioner did not indicate on the petition the date it was submitted for mailing, Pet. at 14, but the envelope was postmarked October 20, 2011. Att. 2.

exhausted his present claims in the state forum, as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review.

## II. Procedural Bar

Petitioner's first federal claim, where he argues that his constitutional rights were violated when the trial court allowed a jury instruction on carnal knowledge as a lesser included offense of rape, is procedurally barred from federal review. When the same claim was raised in petitioner's state habeas corpus application, the Supreme Court of Virginia found that it was "barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E. 2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)." Sigsby v. Warden, slip op. at 6.

A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S.

---

[2]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

4

at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).  The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision."  Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, Sigsby's first claim likewise is procedurally defaulted in this federal proceeding.

A federal court may not review a defaulted claim in a § 2254 proceeding unless the petitioner can demonstrate  cause and prejudice for the default or that a fundamental miscarriage of justice otherwise will result.  Harris, 489 U.S. at 260; see also, Bousley v. United States, 523 U.S. 614, 621 (1998).  The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim.  See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988).  Importantly, a court need not consider the issue of prejudice in the absence of cause.  See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his petition, Sigsby argues that cause for the default of his first claim is established because the trial court violated his rights when it allowed the jury to be instructed on carnal knowledge as a lesser included offense of rape.  Pet. at 26.  In other words, petitioner's explanation of "cause" is identical in substance to the defaulted claim itself.  Since this explanation clearly does not meet the Coleman criteria, it does not suffice to overcome the procedural default applicable to claim one.

In his Brief in Support of Rule 5 Reply, petitioner argues that the Supreme Court of Virginia erred in applying a procedural bar to claim one, because pursuant to Lowe v. Commonwealth, 33 Va. App. 583, 535 S.E.2d 689 (2000) and Fontaine v. Commonwealth, 25

5

Va. App. 156, 487 S.E.2d 241 (1997), a claim that a defendant was convicted of a crime for
which he was not indicted and which is not a lesser-included offense of an indicted charge is
jurisdictional and can be raised at any time. Dkt. 19 at 4.  Assuming without deciding that this
state-created rule of law could control the procedural default of a claim in a federal habeas corpus
action, here it does not, for two reasons.  First, what the Lowe court actually held was that
"[u]nless an indictment is amended to conform to the proof **or an accused acquiesces in being
found guilty of an offense other than the one charged**, a trial court lacks the authority to find
an accused guilty of an offense other than the one charged or a lesser included offense ...." 535
S.E. 2d at 589, emphasis added. In this case, as will be discussed more thoroughly in connection
with claim two, Sigsby through his counsel not only acquiesced in the carnal knowledge charge,
but actually requested it as a strategic tactic to avoid the life sentence that would have resulted
from a conviction of the rape charge he faced.  Therefore, contrary to Sigsby's argument, the
holding of Lowe and Fontaine does not call into question the propriety of the procedural bar that
was applied to Sigsby's first claim by the Virginia courts.

Second, even if that were not so, both Lowe and Fontaine have been overruled on the
point under discussion. See Edwards v. Commonwealth, 41 Va. App. 752, 589 S.E.2d 444, 450
(2003) (""Lowe and Fontaine follow the erroneous logic of ... equating the authority to exercise
jurisdiction with basic jurisdictional requirements. Therefore, we are required to overrule those
decisions to the extent that they conclude a conviction of an offense that is not a lesser-included
offense of the indicted charge renders the judgment void, i.e., it can be raised at any time in
court."); see also, McLawhorn v. Commonwealth, 2004 WL 76354 at *2 (Va. App. Jan. 20,
2004) (finding that no jurisdictional defect rendered a conviction for an offense that was not a
lesser included offense of the indicted offense void, so failure to object at trial to the ruling

6

convicting defendant defaulted the claim for appeal, since "we recently overruled <u>Fontaine</u> and

<u>Lowe</u> ...."). Thus, petitioner has failed to show cause and prejudice or a fundamental miscarriage

of justice as to the procedural default of his first claim, and the claim is barred from federal

consideration.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard. <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). A state court

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to

that reached by [the United States Supreme] Court on a question of law or if the state court

decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts." <u>Id.</u> at 413. Under the "unreasonable application" clause, the writ should

be granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case." <u>Id.</u> Importantly, this standard of reasonableness is an objective one.

<u>Id.</u> at 410. Under this standard, "[t]he focus of federal court review is now on the state court

decision that previously addressed the claims rather than the petitioner's free-standing claims

themselves." <u>McLee v. Angelone</u>, 967 F.Supp. 152, 156 (E.D. Va. 1997), <u>appeal</u> <u>dismissed</u>, 139

F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

7

In his next three claims, Sigsby argues that he received ineffective assistance of trial and appellate counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a

8

successful petition "must show both deficient performance and prejudice." <u>Spencer</u>, 18 F.3d at

233. Therefore, a court need not review the reasonableness of counsel's performance if a

petitioner fails to show prejudice. <u>Quesinberry v. Taylore</u>, 162 F.3d 273, 278 (4th Cir. 1998).

    In the second claim of this petition, Sigsby contends that he received ineffective

assistance of trial counsel when his attorney requested a jury instruction on carnal knowledge as a

lesser included offense of rape. When the same claim was presented on direct appeal, the Court

of Appeals found it to be without merit for the following reasons:

> In claim (1)(A), petitioner alleges he was denied the effective
> assistance of counsel because counsel asked the court to instruct the
> jury on carnal knowledge as a lesser-included offense of rape.
>
> The Court holds that claim (1)(A) satisfies neither the 'performance'
> not [sic] the 'prejudice' prong of the two-part test enunciated in
> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The record,
> including the affidavit of trial counsel, demonstrates counsel made a
> tactical decision to seek an instruction on the lesser-included offense
> in order to spare petitioner from being convicted of rape and receiving
> a life sentence. Petitioner has not demonstrated that, but for the
> carnal knowledge instruction, he would not have been convicted of
> the rape charges. Thus, petitioner has failed to demonstrate that
> counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged error, the result of the
> proceeding would have been different.

<u>Sigsby v. Dir.</u>, <u>supra</u>, slip. op. at 1 - 2. Because the foregoing order was the last reasoned state court

decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which

refused further appeal without explanation. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

    Review of the record reveals that the foregoing holding was based on a reasonable

determination of the facts. 28 U.S.C. § 2254(d). In her affidavit, trial counsel Tara-Beth

Coleman, Esquire states as follows:

> My decision to request an instruction for Carnal Knowledge was a
> tactical decision based upon the following factors:

9

1.  First, once the jury was seated and sworn, I knew that they would not be a favorable jury. I felt this so strongly that before opening statements, I went and spoke with Mr. Sigsby and Travis Bird separately. I first went to Mr. Bird and asked if he would still accept a guilty plea of all suspended time on two sexual battery charges. Mr. Bird said no. In spite of this, I implored Mr. Sigsby to reconsider the offer, hoping that if he accepted Mr. Bird would change his mind. Mr. Sigsby refused.

2.  Secondly, the victim was a very credible witness. She had told her foster mother shortly after it happened, but did not wish to pursue charges at that time. The police were only made aware of the incident because they were investigating Mr. Sigsby for another crime. She had no motive to fabricate. She no longer lived with him. She had no contact with her mother. It was clear that she was telling the truth. Mr. Sigsby, although he denied the allegations, was not as credible and unlike the victim, had a motive to fabricate his testimony. Furthermore, his demeanor was off-putting.

3.  During closing arguments, I noticed the body language and expressions of the jurors. I knew that the female members of the jury were going to convict him. I don't remember having the same feelings regarding the male members of the jury. Based upon my experience, males are less inclined to convict based solely upon the victim's testimony, when the victim was an adult. However, when the alleged victim was a child, most people, both men and women, hold the 'better safe than sorry view.'

4.  Based upon the factors stated above, I believed that given no other option he would be convicted of rape and probably sentenced to life. Any doubt as to guilt would be pushed aside by their fear of placing a child molester back on the street. I asked for the carnal knowledge instruction [to] give the jury another option and at the same time reduce the maximum sentence recommendation.

Resp. Ex. A.

It is well established in federal jurisprudence that a lawyer's "'strategic choices made after thorough investigation ... are virtually unchallengeable'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. This Court must accept the state court's factual determination that counsel made a tactical decision to

request the carnal knowledge instruction in hopes of sparing petitioner from a life sentence for rape.  See Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989).  For that reason, the state courts' rejection of Sigsby's argument that he thereby received ineffective assistance was neither contrary to nor an unreasonable application of the controlling federal law, Strickland, supra, nor was it based on an unreasonable determination of the facts.  Thus, the same result must be reached here. Williams, 529 U.S. at 412-13.

In his third claim, Sigsby contends that appellate counsel provided ineffective assistance by failing to challenge the jury instruction on carnal knowledge as a lesser included offense of rape. When Sigsby made this same argument in his state habeas proceeding, it was rejected on the following holding:

> In claim (2)(B), petitioner alleges he was denied the effective assistance of counsel because his appellate attorney refused to argue the use of carnal knowledge as a lesser-included offense of rape was unlawful.
>
> The Court holds that claim (2)(B) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Sigsby v. Dir., supra, slip. op. at 3.  As the Virginia court recognized, the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).  In this case, for the reasons discussed in connection with claim one above, a challenge by appellate counsel to the carnal knowledge instruction would have been unsuccessful.  See Edwards, 41 Va. App. at 760 - 61, 589 S.E.2d at 448.  Therefore, petitioner cannot show that he suffered prejudice when such an argument was omitted on direct appeal, and

the rejection of claim three by the Supreme Court of Virginia deserves deference here. Williams, 529 U.S. at 412 - 13.

In his fourth claim, Sigsby alleges that he received ineffective appellate representation because his counsel failed properly to argue that Sigsby's right to speedy trial was violated. The Supreme Court of Virginia found this argument to be without merit, as follows:

> In claim (2)(D), petitioner alleges he was denied the effective assistance of counsel because his appellate attorney failed to correctly present the speedy trial issue to the Court of Appeals of Virginia. Petitioner contends the Court of Appeals ruling contained an error when the court noted that petitioner's counsel stated, 'That's fine,' when the Commonwealth's Attorney suggested a February 8, 2006 trial date. According to petitioner, that comment is not contained in the transcript and counsel was ineffective for failing to alert the Court of Appeals to the error and for failing to raise the error on appeal to this Court.
>
> The Court holds that claim (2)(D) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the January 26, 2006 transcript, demonstrates that counsel indeed responded, 'That's fine,' and agreed to continuing petitioner's trial until February 8, 2006. Therefore, the Court of Appeals recitation of the facts was not in error and, given the petitioner's agreement to continue the case, no speedy trial violation occurred. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Sigsby v. Dir., supra, slip. op. at 4 - 5. For the reasons which were fully explained by the Supreme Court of Virginia, Sigsby's claim that appellate counsel should have challenged the alleged speedy trial violation in a different manner satisfies neither prong of the Strickland analysis, since "no speedy trial violation occurred." Id. Because the state courts' rejection of Sigsby's argument was neither contrary to nor an unreasonable application of the controlling federal law, Strickland, supra, nor based on an unreasonable determination of the facts, the same

12

result must pertain here. Williams, 529 U.S. at 412-13.

In his fifth claim, Sigsby argues that his right to a speedy trial was violated.  On direct
appeal, Sigsby contended that his state statutory right to a speedy trial deriving from Va. Code §
19.2-243(4) was violated.  In rejecting that claim on the merits, the Court of Appeals noted:

> We also do not address the constitutional right to a speedy trial, as
> Sigsby concedes it does not apply.  See generally Reed v. Farley, 512
> U.S. 339, 353 (1994) ('A showing of prejudice is required to establish
> a violation of the Sixth Amendment Speedy Trial Clause, and that
> necessary ingredient is entirely missing here.')

Sigsby v. Comm., supra, slip op. at 5, n. 2.

When Sigsby revisited the speedy trial issue in his state habeas corpus application, he did
so by arguing that the Court of Appeals had erred in denying his claim of a speedy trial violation.
The Supreme Court of Virginia thus subsequently held that the speedy trial claim was "barred
because this issue was raised and decided in the trial court and on direct appeal from the criminal
conviction, and therefore, it cannot be raised in a habeas corpus petition.  Henry v. Warden, 265
Va. 246, 249, 576 S.E.2d 495, 496 (2003)."  Sigsby v. Warden, supra, slip op. at 6.  Under these
circumstances, where the Court of Appeals stated expressly that the issue of Sigsby's Sixth
Amendment speedy trial right was not before it, and the Supreme Court of Virginia applied a
procedural bar to reconsideration of the issue that had been decided by the appellate court - that is,
the statutory speedy trial claim under § 19.2-243 -  it is apparent that the constitutional speedy trial
claim Sigsby makes here has received no state court scrutiny.[3]

---

[3]Consideration of Sigsby's exhausted speedy trial claim is not within the proper scope of federal
habeas corpus review.  "[I]t is not the province of a federal habeas court to reexamine state-court
determinations on state-law questions.  In conducting habeas review, a federal court is limited to
deciding whether a conviction violated the Constitution, laws or treaties of the United States."
Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Thus, an argument that rests solely on interpretation
of a state statute "is simply not cognizable on federal habeas review."  Larry v. Branker, 552 F.3d

Under these circumstances, Sigsby's Sixth Amendment speedy trial claim appropriately is treated as exhausted because he is now precluded from raising it in state court. In addition, the claim is procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas applications. Because "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim," Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), the constitutional speedy trial claim raised here is simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). As Sigsby makes no showing of cause and prejudice or fundamental miscarriage of justice, the claim is barred from consideration on the merits. Harris, 489 U.S. at 260.

Moreover, even were the Court to consider Sigsby's fifth claim on the merits, he would be entitled to no relief.[4] Under the Sixth Amendment, defendants accused of crimes enjoy "the right to a speedy and public trial," U. S. Const. amend VI, and the Fourteenth Amendment extends this right to criminal trials in state court. Klopfer v. North Carolina, 386 U.S. 213 (1967). In Barker, the Supreme Court adopted a four-factor balancing test to be used in evaluating speedy trial violation claims under the Sixth Amendment: 1) the length of the delay; 2) the reason for the delay; 3) whether the defendant timely asserted the right to a speedy trial; and 4) whether the defendant suffered prejudice as a result of the delay. 407 U.S. 514, 530-32 (1972). Under this

---

356, 368 (4th Cir.), cert. denied, 130 S.Ct. 408 (2009).

[4]Section 2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted").

14

test, a petitioner must show "that on balance, the four separate factors weigh in his favor." United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995). Here, as the Court of Appeals found, Sigsby can make no showing that he suffered prejudice even if his state statutory right to a speedy trial was compromised. Probable cause was found at a preliminary hearing on September 7, 2005, and a jury trial was scheduled for January 26, 2006. On that day, however, the court was unable to empanel a jury because the venire pool was not large enough to accommodate the for-cause and peremptory strikes. When the court asked counsel to choose another date, the prosecutor asked that the case be continued to February 8, 2006, and defense counsel responded, "That's fine." On February 8, defense counsel argued that the charges should be dismissed because the statutory speedy trial period expired on February 7. The court denied the motion, finding that the period in fact expired on February 8 and that in any event, the continuance from January 26 until February 8 did not count toward the time allotment, so the scheduled trial date was within the speedy trial deadline. When the cause was again continued for trial, Sigsby was granted bond and released from custody. His trial occurred on August 24, 2006. Sigsby v. Comm., supra, slip op. at 2 - 3. Sigsby makes no showing here that he suffered any real prejudice as the result of this time line, such as might have occurred if, for example, the delay caused a key witness to become unavailable. Thus, even were the Court to reach the merits of Sigsby's unexhausted claim that his Sixth Amendment speedy trial right was violated, he would be entitled to no § 2254 relief.

## V. Petitioner's Motion for Summary Judgment

As noted above, Sigsby responded to the Motion to Dismiss by filing his own Motion for Summary Judgment. Sigsby's Motion is supported by his own affidavit, in which he essentially attests that his claims are meritorious. However, petitioner alleges no additional facts to support what amount to nothing more than conclusory statements, which are an insufficient basis on

which to award summary judgment. <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) ("[W] e are not bound to accept as true a legal conclusion couched as a factual allegation."). Because Sigsby is entitled to no federal relief for the reasons discussed above, his Motion for Summary Judgment will be denied.

### VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. Petitioner's Motion for Summary Judgment will be denied. An appropriate Order shall issue.

Entered this _____ day of _____ 2012.

_____ /s/ _____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

16